[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11712
Non-Argument Calendar
_____

D.C. Docket No. 6:11-cr-00394-GKS-KRS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUBEN PEREZ-RAMIREZ,
a.k.a. Noe Flores-Zavala,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 30, 2012)

Before TJOFLAT, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

On March 21, 2012, appellant Ruben Perez-Ramirez, having pled guilty to reentry of a deported alien, in violation of 8 U.S.C. § 1326(a), was sentenced by the District Court to a prison term of 18 months[1]—an upward variance from the Guidelines sentence range of 0 to 6 months but well below the statutory maximum penalty of 10 years' imprisonment, 8 U.S.C. § 1326(b)(1). He appeals his sentence, arguing that the District Court procedurally erred in imposing his sentence and in failing to provide a statement of reasons for the variance. We find no error and accordingly affirm.

We find no procedural error in this case. As required by *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007), the District Court properly adopted the Guidelines sentence range set out in the presentence report. Appellant, who was represented by counsel, voiced no objection to that sentence range or the report's recitation of the facts underpinning it. Nor did appellant object to the sentence he received after the District Court imposed it.

As for stating the reasons for the sentence, the District Court made it clear

---

[1] Appellant was given credit for time served between his detention on November 9, 2011, and the imposition of sentence. Appellant is a Mexican citizen. He had entered the United States illegally 14 times. His first removal occurred in 2003, after he was convicted of a misdemeanor. He was arrested for the instant offense on November 9, 2011, after the police stopped the car in which he and 10 others were riding.

2

that it was imposing an 18 months' period of incarceration because appellant had entered the United States illegally 14 times, and a sentence above the Guidelines sentence range was required to promote respect for law and to deter appellant from illegally entering this country again.  *See* 18 U.S.C. § 3553(a)(a)(2)(A), (C).

AFFIRMED.